1  MATTHEW G. JACOBS (Bar No. 122066)
   matthew.jacobs@dlapiper.com
2  ALEXANDER M. MEDINA (Bar No. 222015)
   alexander.medina@dlapiper.com
3  DLA PIPER US LLP
   400 Capitol Mall, Suite 2400
4  Sacramento, CA  95814-4428
   Tel:  916.930.3200
5  Fax:  916.930.3201

6  Attorneys for Plaintiffs
   VIDEO GAMING TECHNOLOGIES, INC.,
7  UNITED CEREBRAL PALSY OF GREATER
   SACRAMENTO, WIND YOUTH SERVICES,
8  ROBERT FOSS, and JOAN SEBASTIANI

9  ADDITIONAL COUNSEL LISTED ON
   FOLLOWING PAGE

10

11              UNITED STATES DISTRICT COURT

12             NORTHERN DISTRICT OF CALIFORNIA

13                SAN FRANCISCO DIVISION

14  VIDEO GAMING TECHNOLOGIES,          CASE NO. CV 08 2748
    INC., dba VGT, Inc., a Tennessee
15  Corporation; UNITED CEREBRAL        COMPLAINT FOR DECLARATORY AND
    PALSY OF GREATER SACRAMENTO,        INJUNCTIVE RELIEF
16  a California Non-Profit Corporation;
    WIND Youth Services, a California Non-  DEMAND FOR JURY TRIAL
17  Profit Corporation; ROBERT FOSS, an  [F.R.C.P. 38(b); Civ. L.R. 3-6]
    individual; JOAN SEBASTIANI, an
18  individual,

19               Plaintiffs,

20          v.

21  BUREAU OF GAMBLING CONTROL, a
    law enforcement division of the California
22  Department of Justice; MATHEW J.
    CAMPOY, in his official capacity as the
23  Acting Chief of the Bureau of Gambling
    Control,
24
              Defendants.
25

26

27

28

1

## ADDITIONAL COUNSEL

2 GEORGE GIGOUNAS (Bar No. 209334)
george.gigounas@dlapiper.com
3 DEBORAH E. MCCRIMMON (Bar No. 229769)
deborah.mccrimmon@dlapiper.com
4 DLA PIPER US LLP
153 Townsend Street, Suite 800
5 San Francisco, CA 94107
Tel: 415.836.2500
6 Fax: 415.836.2501

7 RAVINDER MEHTA (Bar No. 113805)
rmehta@capital-advocates.com
8 CAPITOL ADVOCATES
1215 K Street, 17th Floor
9 Sacramento, CA 95814
Tel: 916.486.1955
10 Fax: 916.485.2509

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DLA PIPER US LLP

WEST21410835.2          COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
367364-000001

1    Plaintiffs VIDEO GAMING TECHNOLOGIES, INC. ("VGT"), UNITED CEREBRAL

2    PALSY OF GREATER SACRAMENTO ("UCP"), WIND YOUTH SERVICES ("WIND"),

3    ROBERT FOSS, and JOAN SEBASTIANI (collectively, "plaintiffs") bring this Complaint

4    against defendants BUREAU OF GAMBLING CONTROL, a Division of Law Enforcement of

5    the California Department of Justice ("Bureau") and MATHEW J. CAMPOY, in his official

6    capacity as Acting Bureau Chief for the Bureau (collectively "defendants"):

7                           **JURISDICTION AND PARTIES**

8         1.    This is an action seeking a declaration that defendants' attempts to seize certain

9    electronic aids used in charity bingo games, and their corresponding claim that such aids violate

10   the California Penal Code, is unlawful under Title II of the Americans with Disabilities Act

11   ("ADA"), 42 U.S.C. §§ 12131 to 12165, inclusive.  This action also seeks an injunction

12   prohibiting defendants from seizing said property and prohibiting their unlawful interpretation of

13   the relevant statutes.  This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§

14   1331 and 1343.

15        2.    This is also an action for declaratory and injunctive relief pursuant to 28 U.S.C. §

16   2201, the Declaratory Judgment Act.  This Court is vested with supplemental jurisdiction

17   pursuant to 28 U.S.C. § 1367(a).

18        3.    Venue is proper in this Court, the Northern District of California, pursuant to 28

19   U.S.C. 1391(b).

20        4.    Plaintiff VGT is a Tennessee corporation doing business in the State of California,

21   with its principal place of business at 155 Franklin Road, Suite 255, Brentwood, Tennessee.

22   VGT's California office is located at 1010 Winding Creek Road, Suite 180, Roseville, California.

23   VGT manufactures electronic bingo aids and provides them to qualified bingo facilities for use by

24   qualified charitable organizations in charitable bingo games in Alameda and Sacramento

25   Counties.  VGT manufactured and supplied the vast majority of the electronic bingo aids at issue

26   in this case.

27        5.    Plaintiff UCP is a non-profit 501(c)(3) corporation organized and existing under

28   the laws of the State of California.  UCP's mission is to provide programs and services that

                                    -1-

1  improve the independence, productivity, and quality of life of people with cerebral palsy and

2  other developmental disabilities and their families. UCP derives substantial and important

3  revenues from bingo fundraisers that it holds regularly at bingo facilities in the Sacramento area

4  using VGT's electronic bingo aids. Some of UCP's programs rely almost exclusively on funding

5  from UCP's bingo fundraisers.

6        6.    Plaintiff WIND is a non-profit 501(c)(3) corporation organized and existing under

7  the laws of the State of California. WIND serves the immediate and long-range needs of

8  homeless youth in Sacramento County. WIND relies on revenue obtained from regular bingo

9  fundraisers played exclusively with VGT's electronic bingo aids in order to fund charitable

10  programs.

11        7.    Plaintiff Robert Foss is a qualified individual with a disability under the ADA. He

12  is a legally blind Sacramento resident. Mr. Foss enjoys competing in bingo games on VGT

13  electronic bingo aids at the Sacramento Bingo Center, and has encountered other blind people

14  doing the same. These electronic bingo aids allow him and other blind and low-vision individuals

15  to effectively compete at bingo with sighted individuals. He is unable to compete equally with

16  sighted individuals by using only paper bingo cards, and is even at a disadvantage with Braille

17  bingo cards or other cards with raised numbers or other tactile-functions, since he is not able to

18  locate squares with called numbers or identify winning bingo patterns quickly enough to have a

19  chance to win.

20        8.    Plaintiff Joan Sebastiani is a qualified individual with a disability under the ADA.

21  She is a disabled Sacramento resident who is completely paralyzed on the left side of her body

22  since suffering a stroke in 1994. Ms. Sebastiani attends bingo games at the Sacramento Bingo

23  Center about four or five times a month, for a few hours at a time. She is only able to play bingo

24  using electronic bingo aids. She cannot play bingo using only paper cards due to her disability,

25  because she cannot manipulate, locate, or daub squares with called numbers, or identify winning

26  bingo patterns and call them out quickly enough to win in an "all paper" bingo game. The

27  electronic bingo aids allow her to compete in bingo games against able-bodied individuals.

28

1         9.     Defendant Bureau is a law enforcement division of the California Department of

2    Justice charged with compliance and enforcement of California's gambling-related laws

3    including, *inter alia*, the inspection of bingo devices and the determination of whether such

4    devices comply with California law.

5         10.    Defendant Mathew J. Campoy is the Acting Bureau Chief of the Bureau.

6         11.    The key events giving rise to this lawsuit occurred in Alameda and Sacramento

7    Counties, California.

8         12.    All conditions precedent to the filing of this lawsuit have been satisfied or waived.

9                  **FACTS COMMON TO ALL CLAIMS**

10   **A.**    **The Cease-and-Desist Orders**

11        13.    In early May 2008, the Bureau personally served cease-and-desist orders (the

12   "Orders") on bingo facilities in Alameda and Sacramento Counties informing them that Bureau

13   agents had inspected electronic bingo "devices" at each facility and concluded that those devices

14   violated several California penal statutes.

15        14.    The facilities at issue are Gilman Street Bingo in Berkeley (served May 12, 2008),

16   the Sacramento Bingo Center in Sacramento (served May 7, 2008), the Mayhew Community

17   Bingo Center in Sacramento (served May 8, 2008), the North Watt Bingo Parlor in Sacramento

18   (served May 8, 2008), and the Madison Mall Bingo Center in Sacramento (served May 8, 2008).

19        15.    Specifically, the Orders identified the make and model of what it termed "gaming

20   devices" and claimed that those devices violate Penal Code sections 318 (prevailing upon a

21   person to visit a place for gambling), 321 (illegal sale of lottery tickets), 326.5 (unlawful bingo

22   devices), and 330b (illegal slot machines).

23        16.    The Bureau further stated that unless the identified devices were removed within

24   30 days of each Order, the Bureau would pursue further enforcement action, including possible

25   criminal prosecution and seizure of the devices and related proceeds under Penal Code sections

26   325 and 330a. Because the first Order was served on May 7, 2008, *the 30-day period expires this*

27   *Friday, June 6, 2008.*

28

DLA PIPER US LLP

-3-
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1   17.   These bingo facilities allow qualified charitable organizations, such as plaintiffs

2   WIND and UCP, to raise critical funds by hosting bingo fundraiser events using electronic bingo

3   aids.  In turn, charities then use funds obtained from the bingo events to fund their programs.

4   **B.   The California Bingo Law**

5   18.   The California Constitution provides that "the Legislature by statute may authorize

6   cities and counties to provide for bingo games, but only for charitable purposes." Cal. Const. art.

7   IV, § 19(c).  Pursuant to this authority, the Legislature enacted Penal Code Section 326.5 in 1976

8   ("Section 326.5").  It codifies the Constitution's grant of authority to allow cities and counties to

9   enact ordinances allowing charitable bingo.  Both Alameda and Sacramento Counties have

10  enacted ordinances allowing for the play of bingo pursuant to Section 326.5.  Alameda County

11  General Ordinance Code §§ 3.12.010, 3.12.020; Sacramento County Code §§ 4.26 *et seq.*, 4.29 *et*

12  *seq.*

13  19.   Section 326.5 does not include a comprehensive definition of bingo, and is not

14  designed to do so.  Rather, it defines bingo as "a game of chance in which prizes are awarded on

15  the basis of designated numbers or symbols on a card that conform to numbers or symbols

16  selected at random" (Pen. Code § 326.5(o)) and relies on the counties to determine whether to

17  enact ordinances to describe and allow charity bingo.  The remainder of Section 326.5(o)

18  identifies the necessary characteristics of a related form of bingo, "punchboards," which are not at

19  issue here.  No court, state or federal, has interpreted the definition of "card" in Section 326.5(o),

20  nor is there any definitive interpretation of the term "bingo." *People v. 8,000 Punchboard Card*

21  *Devices*, 142 Cal.App.3d 618, 622 (1983) ("No common meaning of the term bingo emerges.").

22  20.   Plaintiffs in this action do not seek a comprehensive interpretation of the bingo

23  laws from this Court.  Rather, the relief requested is simply to protect the plaintiffs from the

24  Bureau's specific, unlawful interpretation that is actually at issue in this case.

25  **C.   VGT's Electronic Bingo Aids**

26  21.   The Orders identify a total of 303 electronic bingo aids that the Bureau contends

27  are unlawful.  Of these, 286 were manufactured by VGT and provided to the respective locations

28  for their use in charitable bingo games.

DLA PIPER US LLP

WEST\21410835.2          COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
367364-000001

1      22.    Until recently, VGT's electronic bingo aids operated as follows: A player pays the

2    clerk (a member of a charitable organization volunteering his or her time) a certain amount of

3    money for the purchase of electronic bingo cards to be played on an electronic bingo aid. The

4    clerk gives the player a receipt with a code on it. The player inserts that code into an electronic

5    bingo aid, which then recognizes the code and gives the player a certain amount of credits for the

6    purchase of electronic bingo cards on that particular bingo aid. A player may play only one card

7    per game.

8      23.    The clerk may assist a blind or otherwise disabled person who cannot input the

9    code.

10      24.    The electronic cards contain columns and rows with numbers. All players must

11    obtain their bingo cards before a game starts.

12      25.    Each of the electronic bingo aids link into a common game, which cannot begin

13    until at least two players are present. Once the game begins, a centralized common random

14    number generator draws the numbers, which are in turn displayed on the screen of each electronic

15    bingo aid in real time and in the sequence drawn (*i.e.*, the winning pattern is not known before a

16    game begins).

17      26.    After this initial draw, the player must then "daub" (or cover) the matching

18    numbers on the electronic cards by pressing a button on the bingo aid. If a player does not press

19    the daub button, then he or she "sleeps" those numbers such that they are not counted toward a

20    winning pattern for that player.

21      27.    Once a player obtains a winning pattern, he or she must be the first person in the

22    game to press his or her button to "call" bingo. If a player has a winning pattern but does not

23    press the button, then he or she "sleeps" the win and another player with a winning pattern can

24    subsequently call bingo and win.

25      28.    At no time does the charitable organization or any other entity have an interest in

26    the outcome of the game, and there must always be a winner for every game. As such, the game

27    continues and numbers continue to be called until there is a winner.

28

DLA PIPER US LLP

WEST\21410835.2
367364-000001
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

29.    Additionally, the player has the option of printing a paper copy of each bingo card used in a particular game. Whether the player has won or not can be determined on the basis of the paper alone.

30.    On May 28, 2008, or about three weeks after the first of the Orders was served, VGT began changing the software on all of its electronic bingo aids operating in Alameda and Sacramento Counties, in an effort to ensure that the electronic bingo aids comply with even the Bureau's restrictive interpretation of Section 326.5. This new software ensures that paper cards are an integral and necessary component of the game in that they are purchased and received by a player prior to playing bingo with a VGT electronic bingo aid.

31.    Each electronic bingo aid is programmed with only one electronic card. When a player chooses to play at a particular electronic bingo aid, he or she will be given a booklet containing the entire library of corresponding paper cards with matching reference numbers so that the player can locate the paper card corresponding to the electronic bingo aid. If the player decides that he or she wishes to use a different card, then he or she must move to a different bingo aid.

32.    The player can verify whether he or she has won based solely on the paper card.

33.    In all other respects, the new version of VGT's electronic bingo aids operate the same way the earlier versions did.

**D.    The Bureau's Interpretation of Section 326.5 and Refusal to Withdraw the Orders**

34.    The Orders are based on the Attorney General's specific, unlawful interpretation of the term "card" in Section 326.5(o) as being limited to cards made of paper or cardboard and prohibiting VGT's electronic bingo aids.

35.    More specifically, in August 2007, the Attorney General issued a "Law Enforcement Advisory" addressing the issue of bingo played with electronic aids. In that advisory, the Attorney General concluded, in reliance on his own 1987 and 1998 opinions, that any form of bingo not played with "traditional bingo cards," *i.e.*, those made of paper or cardboard, is unlawful. The Advisory did find, however, that electronic bingo aids comply with Section 326.5 so long as traditional bingo cards are used as well.

1    36.    VGT has worked to convince the Bureau to "stand down" from enforcing the

2    Orders against VGT's bingo aids. Most significantly, VGT made the software changes to its

3    electronic bingo aids described above in an effort to ensure that they would comply with even the

4    Bureau's unlawful, strictest interpretation of the term "card."

5    37.    Those changes were expensive, as VGT had to develop, test, and install new

6    software for each of its electronic bingo aids in Alameda and Sacramento Counties to conform to

7    the Bureau's restrictive interpretation of Section 326.5.

8    38.    VGT has also met and corresponded with the Bureau and the Attorney General on

9    several occasions to inform them of the changes to VGT's electronic bingo aids in an attempt to

10    demonstrate that those aids comply with the Bureau's unlawful interpretation of Section 326.5.

11    39.    Despite these efforts, the Bureau has refused to withdraw the Orders, and has

12    threatened to seize the electronic bingo aids as early as this coming Friday based solely on a

13    visual assessment of the electronic bingo aids at each bingo facility, even though the changes to

14    those aids are largely technical in nature. Plaintiffs thus fear that the Bureau lacks the technical

15    expertise to adequately evaluate the newly-configured electronic bingo aids and that it will seize

16    the aids and shut down the bingo facilities solely on the basis of the aids' appearance.

17    **E.    Importance of Electronic Bingo Aids to Disabled Individuals**

18    40.    Many qualified disabled individuals, including Mr. Foss and Ms. Sebastiani,

19    participate in bingo and access charitable bingo facilities to play the game in Sacramento County.

20    On information and belief, many qualified disabled individuals also access charitable bingo

21    facilities to play the game in Alameda County.

22    41.    In order to compete with non-disabled players, qualified disabled individuals rely

23    on the use of electronic bingo aids such as the VGT bingo aids threatened with seizure in this

24    case.

25    42.    For Mr. Foss and other blind or vision-impaired bingo players, the VGT bingo aids

26    have large screen displays that low-vision players can interpret. They also make certain sounds

27    when the player's electronic card contains the electronically called number, and a player can

28

DLA PIPER US LLP

WEST\21410835.2    COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
367364-000001

"daub" those cards by pressing a button that automatically daubs those numbers, rather than by finding the number on a piece of paper and manually marking it. The VGT bingo aids also make sounds when a player's card hits a winning bingo pattern and then, to win the game, the player presses the button to call bingo before any other winner does, rather than having to visually recognize the winning pattern and audibly call bingo.

43.     Mr. Foss and others with similar disabilities are able to effectively compete at bingo with sighted individuals when the game is played using electronic bingo aids such as VGT's. They can identify called squares and winning patterns just as quickly as sighted competitors. VGT's electronic bingo aids put Mr. Foss and other qualified disabled individuals on a level playing field with sighted individuals.

44.     Non-electronic bingo aids, such as Braille bingo cards, raised numbers or other tactile-function bingo cards, would limit Mr. Foss's ability, and the ability of others with similar disabilities, to compete at bingo with sighted individuals. Mr. Foss and others would not be able to locate squares with called numbers or identify winning bingo patterns quickly enough to win.

45.     Ms. Sebastiani, and other physically impaired bingo players, cannot play bingo using exclusively paper cards, due to their disabilities. For Ms. Sebastiani, the numbers in paper bingo are called too quickly for her to be able to daub cards or to recognize winning patterns and call them out immediately. Further, she is unable to lift her head up very far and unable to see the number board in a paper bingo game. The easy function of electronic bingo aids, such as the VGT bingo aids threatened with seizure in this case, allow Ms. Sebastiani to compete in bingo games against able-bodied people.

46.     If the electronic bingo aids that Ms. Sebastiani plays on were taken away, she would no longer be able to participate in charity bingo. She cannot manipulate paper cards, locate, or daub squares with called numbers, or identify winning bingo patterns quickly enough to win in an "all paper" bingo game.

47.     For both Mr. Foss and Ms. Sebastiani, bingo using electronic bingo aids is a fulfilling activity. They both plan to continue playing bingo using electronic bingo aids in the future.

DLA PIPER US LLP

WEST\21410835.2
367364-000001
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

48.  If the Bureau is permitted to interpret Section 326.5 to prohibit VGT's electronic bingo aids, then Mr. Foss and Ms. Sebastiani would be excluded from equal enjoyment of their right to play charity bingo, and would suffer discrimination based on their disabilities by a public entity, in violation of ADA Title II.

49.  Mr. Foss is a qualified individual with a disability, with standing in this Court to assert a threatened violation of Title II of the ADA, 42 U.S.C. § 12132, *et seq.*, based on defendants' unlawful Orders. Among other things, this provision prohibits public entities from enforcing interpretations of statutes or ordinances that subject qualified individuals to discrimination without reasonable accommodation. *See* 28 C.F.R. 35.104 ("Title II of the ADA prohibits discrimination against any "qualified individual with a disability.""); *Weinreich v. Los Angeles County*, 114 F.3d 976, 978 (9th Cir. 1997), *see also AIDS Healthcare Foundation v. Belshe*, 1998 WL 1157405 at *4 (C.D. Cal. Dec. 8, 1998).

50.  Ms. Sebastiani likewise is a qualified individual with a disability, with standing in this Court to assert a threatened violation of Title II of the ADA, 42 U.S.C. § 12132, *et seq.*, based on defendants' unlawful Orders.

51.  Since UCP hosts bingo games for the public, including individuals with disabilities such as Ms. Sebastiani, the increased access that electronic bingo aids provide is an important facet of UCP's services. If the seizures are allowed to occur, UCP will suffer from the discriminatory impact of the defendants' interpretation of Section 326.5 by their association with disabled individuals through the bingo access and services they provide. *AIDS Healthcare Foundation*, 1998 WL 1157405 at *5-6; *Innovative Health Systems, Inc. v. City of White Plains*, 117 F.3d 37, 48 (2d Cir. 1997).

52.  WIND likewise hosts bingo games for the public, including individuals with disabilities, and the increased access that electronic bingo aids provide also is an important facet of WIND's services. If the seizures are allowed to occur, WIND will suffer from the discriminatory impact of defendants' interpretation of Section 326.5 by their association with disabled individuals through the bingo access and services they provide. *AIDS Healthcare Foundation*, 1998 WL 1157405 at *5-6; *Innovative Health Systems*, 117 F.3d at 48.

1    53.    VGT is a vendor that manufactures and provides electronic bingo aids to charity

2    bingo operators. VGT sells bingo cards to charitable organizations for use in charity bingo

3    games. As such, VGT will be directly and adversely affected by the unlawful interpretation that

4    defendants seek to enforce against VGT's customers. In this complaint, VGT thus asserts both its

5    own rights and the concomitant rights of its co-plaintiff customers and end-users. *Craig v. Boren*,

6    429 U.S. 190, 194-95 (1976); *Rothner v. City of Chicago*, 929 F.2d 297, 300-01 (7th Cir. 1991).

7    **FIRST CLAIM**

8    **FOR VIOLATION OF AMERICANS WITH DISABILITIES ACT –**

9    **42 U.S.C. § 12101** *et seq.*

10    54.    Plaintiffs re-allege and incorporate by reference the allegations contained in

11    paragraphs 1 through 53, inclusive, as though set forth fully herein.

12    55.    On or about July 26, 1990, Congress enacted the ADA. *See* 42 U.S.C. § 12101, *et*

13    *seq.* Title II of the ADA sets forth the following prohibition on government agencies:

14    
15    
16    > Subject to the provisions of this subchapter, no qualified individual
> with a disability shall, by reason of such disability, be excluded
> from participation in or be denied the benefits of the services,
> programs, or activities of a public entity, or be subjected to
> discrimination by any such entity. 42 U.S.C. § 12132.

17    Among other things, this provision prohibits governments from enforcing constitutional

18    provisions, statutes or ordinances in a manner that subjects qualified individuals to

19    discrimination.

20    56.    Article VI, clause 2 (the "Supremacy Clause") of the United States Constitution

21    limits the legislative and judicial powers of the States as follows:

22    
23    
24    > This Constitution, and the Laws of the United States which shall be
> made in Pursuance thereof; and all Treaties made, or which shall
> be made, under the authority of the United States, shall be the
> supreme Law of the land; and the Judges in every State shall be
> bound thereby, any Thing in the Constitution or Laws of any State
> to the Contrary notwithstanding. U.S. Const. art . VI, cl. 2.

25    
26    Among other things, this clause prohibits state governments from enforcing laws that conflict

27    with certain federal laws, including the ADA and its provision, 42 U.S.C. § 12132, cited above.

28    

DLA PIPER US LLP

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1      57.    Pursuant to Title II of the ADA and the federal Supremacy Clause, the Defendants

2    are prohibited from discriminating against qualified disabled individuals by enforcing its specific

3    interpretation of California law regarding charitable bingo.

4      58.    If allowed to interpret California Penal Code § 326.5 to prohibit electronic bingo

5    aids, and to thereon issue cease-and-desist orders to Alameda and Sacramento county bingo

6    facilities that employ electronic bingo aids, defendants will be discriminating against Mr. Foss

7    and Ms. Sebastiani by denying them the meaningful access to charitable bingo games that is

8    granted to the non-disabled population.

9      59.    Mr. Foss and Ms. Sebastiani have a definite need and intention to return as patrons

10    to charitable bingo facilities in the near future.

11      60.    Without electronic bingo aids, plaintiffs will be denied all meaningful access to

12    charitable bingo facilities, and, in violation of Title II of the ADA, 42 U.S.C. § 12132, will be

13    denied their right to the equal access to charitable bingo that is afforded non-disabled individuals.

14      61.    Plaintiffs Mr. Foss and Ms. Sebastiani will also seek to use the premises and

15    services of charitable bingo facilities in the near future to ensure that these facilities are permitted

16    by defendants to comply with the ADA by making electronic bingo aids available to all patrons,

17    so that plaintiffs and all other disabled persons will have full and equal enjoyment of the goods,

18    services, facilities, privileges, advantages and/or accommodations of bingo facilities.

19      62.    Plaintiffs have been obliged to retain the undersigned counsel for the filing and

20    prosecution of this action.  Plaintiffs are entitled to recover their attorneys' fees, costs and

21    expenses from defendants pursuant to 42 U.S.C. §§ 12205.

22      63.    Pursuant to 42 U.S.C. § 12133, 29 U.S.C. § 794(a), and 42 U.S.C. § 2000e-5(g),

23    this Court is vested with the authority to grant plaintiffs injunctive relief, including enjoining

24    defendants from (i) enforcing the Orders, (ii) otherwise prohibiting or threatening to prohibit the

25    use of electronic bingo aids in charitable bingo facilities in the State of California; (iii) acting to

26    enforce an interpretation of Section 326.5 in a manner that would prevent electronic bingo aids

27    from being used by patrons of the charitable bingo facilities of Alameda and Sacramento

28    Counties.

DLA PIPER US LLP

WEST\21410835.2
367364-000001
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

**SECOND CLAIM**

**FOR DECLARATORY RELIEF – THE ELECTRONIC BINGO AIDS AT ISSUE DO**

**NOT VIOLATE CAL. PENAL CODE § 326.5**

64.    Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 63, inclusive, as though set forth fully herein.

65.    Plaintiffs have alleged, and continue to allege, that the electronic bingo aids identified in the Orders (i) cannot be prohibited under Section 326.5 because such a prohibition would violate federal law; and, regardless, (ii) provide paper bingo cards upon which prizes may be awarded on the basis of those cards alone, and therefore do not violate even defendants' unlawful interpretation of Section 326.5.

66.    As demonstrated by the Orders and defendants' unwillingness to withdraw them, defendants assert that the electronic bingo aids identified in the Orders do not violate federal law and do violate Section 326.5.

67.    As such, an actual and justiciable controversy exists between plaintiffs and defendants concerning whether the electronic bingo aids identified in the Orders violate Section 326.5.

68.    Plaintiffs will otherwise be denied relief unless this Court makes a declaration of plaintiffs' rights with respect to this controversy.

**THIRD CLAIM**

**FOR DECLARATORY RELIEF – DEFINITION OF "CARD" UNDER CAL. PENAL**

**CODE § 326.5(o)**

69.    Plaintiffs re-allege and incorporate by reference the allegations contained in paragraphs 1 through 68, inclusive, as though set forth fully herein.

70.    The Fifth and Fourteenth Amendments to the United States Constitution, as well as Article I, section 7 of the California Constitution, preclude any person from being deprived of "life, liberty, or property, without due process of law."

71.    Yet Defendants seek to abrogate those rights based solely on their unilateral and unlawful interpretation of the term "card" by seizing VGT's electronic bingo aids and shutting

DLA PIPER US LLP

-12-

1   down California charitable bingo facilities. Defendants intend to enforce this interpretation

2   without a trial to determine whether the bingo aids are the types of devices that the Bureau may

3   seize in the first place. The Orders cite Penal Code section 325 as grounds for seizure, which,

4   facially, allows for the seizure of illegal lottery devices without a final judgment.

5        72.     But plaintiffs have alleged, and continue to allege, that (i) electronic cards meet the

6   definition of "card" under Section 326.5(o) because excluding such electronic cards from the

7   definition of "card" would violate federal law; and (ii) electronic cards must meet the definition

8   of "card" under Section 326.5(o) because excluding such electronic cards would violate plaintiffs'

9   due process rights by allowing the seizure of private property on the basis of the Bureau's

10   unilateral, unlawful interpretation of the statute.

11        73.     As such, an actual and justiciable controversy exists between plaintiffs and

12   defendants concerning whether the Bureau's interpretation of "card" under Section 326.5(o)

13   prohibits the use of electronic cards.

14        74.     Plaintiffs will otherwise be denied relief unless this Court makes a declaration of

15   plaintiffs' rights with respect to this controversy.

### FOURTH CLAIM

### FOR DECLARATORY RELIEF – THE ELECTRONIC BINGO AIDS AT ISSUE ARE

### NOT ILLEGAL SLOT MACHINES UNDER CAL. PENAL CODE § 330b

19        75.     Plaintiffs re-allege and incorporate by reference the allegations contained in

20   paragraphs 1 through 74, inclusive, as though set forth fully herein.

21        76.     The Fifth and Fourteenth Amendments to the United States Constitution, as well

22   as Article I, section 7 of the California Constitution, preclude any person from being deprived of

23   "life, liberty, or property, without due process of law."

24        77.     Yet Defendants seek to abrogate those rights by seizing VGT's bingo aids and

25   shutting down California charitable bingo facilities based on their interpretation that the

26   electronic bingo aids identified in the Orders are illegal slot machines under Penal Code section

27   330b. Defendants intend to enforce this interpretation without a trial to determine whether the

28   bingo aids are the types of devices that the Bureau may seize in the first place. The Orders cite

DLA PIPER US LLP

WEST\21410835.2
367364-000001
COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1  Penal Code section 335a as grounds for seizure, which, facially, allows for the seizure of illegal

2  slot machines without a final judgment.

3      78.    But plaintiffs allege that the electronic bingo aids identified in the Orders are not

4  slot machines because, *inter alia*, the electronic bingo aids comply with Section 326.5 and thus

5  cannot be slot machines by definition and because the electronic bingo aids do not allow the

6  house to win, but instead require at least two players to play, one of whom must win.

7      79.    As such, an actual and justiciable controversy exists between plaintiffs and

8  defendants concerning whether the electronic bingo aids identified in the Orders are illegal slot

9  machines under Penal Code section 330b.

10     80.    Plaintiffs will otherwise be denied relief unless this Court makes a declaration of

11 plaintiffs' rights with respect to this controversy.

12                                  **FIFTH CLAIM**

13     **FOR DECLARATORY RELIEF – THE ELECTRONIC BINGO AIDS AT ISSUE ARE**

14     **NOT ILLEGAL LOTTERY DEVICES UNDER CAL. PENAL CODE §§ 318 AND 321**

15     81.    Plaintiffs re-allege and incorporate by reference the allegations contained in

16 paragraphs 1 through 80, inclusive, as though set forth fully herein.

17     82.    Plaintiffs have alleged, and continue to allege, that on their faces, Penal Code

18 sections 318 and 321 do no apply because the electronic bingo aids identified in the Ordinances

19 comply with Section 326.5 and thus cannot be illegal lottery devices under Sections 318 and 321

20 by definition.

21     83.    Based on the Orders, and their willingness to withdraw same, defendants allege

22 that the electronic bingo aids identified in the Orders do violate Sections 318 and 321.

23     84.    As such, an actual and justiciable controversy exists between plaintiffs and

24 defendants concerning whether the electronic bingo aids identified in the Orders are illegal lottery

25 devices under Penal Code sections 318 and 321.

26     85.    Plaintiffs will otherwise be denied relief unless this Court makes a declaration of

27 plaintiffs' rights with respect to this controversy.

28

DLA PIPER US LLP

1    **WHEREFORE,** plaintiffs respectfully request that this Court grant the following

2    injunctive and declaratory relief:

3    A.    Enter a declaratory judgment that by and through their enforcement of cease-and-

4    desist orders requiring the removal of electronic bingo aids from charitable bingo facilities in

5    Alameda and Sacramento Counties, defendants are willfully and wrongfully violating their

6    statutory obligations pursuant to the ADA and depriving plaintiffs of their rights under law, as

7    alleged herein;

8    B.    Enter a further declaratory judgment that, pursuant to Title II of the ADA and the

9    federal Supremacy Clause, defendants cannot interpret California Penal Code section 326.5 to

10    prohibit electronic bingo aids that use electronic bingo cards;

11    C.    Enter a further declaratory judgment that the electronic bingo aids identified in the

12    Ordinances do not violate Section 326.5 because they provide paper cards upon which prizes are

13    awarded;

14    D.    Enter a further declaratory judgment that defendants may not interpret the

15    definition of "card" under Penal Code section 326.5(o) to prohibit the use of electronic bingo

16    cards;

17    E.    Enter a further declaratory judgment that the electronic bingo aids identified in the

18    Notices are not illegal slot machines under Penal Code section 330b;

19    F.    Enter a further declaratory judgment that the electronic bingo aids identified in the

20    Orders are not illegal lottery devices under Penal Code sections 318 and 321;

21    G.    Enter a temporary restraining order to enjoin defendants from acting on and/or

22    enforcing the cease-and-desist orders referenced above until a hearing on defendants' motion for

23    preliminary injunction can be had;

24    I.    Enter an order to show cause why a preliminary injunction should not issue to

25    enjoin defendants from acting on and/or enforcing the cease-and-desist orders referenced above

26    until a trial on the merits of plaintiffs' claims and enter a preliminary injunction to enjoin

27    defendants from acting on and/or enforcing the cease-and-desist orders referenced above until a

28    trial on the merits of plaintiffs' claims after a hearing on such motion;

DLA PIPER US LLP

-15-

1       J.     Enter a permanent injunction to enjoin defendants from acting on and/or enforcing

2  the cease-and-desist orders referenced above;

3       K.     Award reasonable attorneys' fees, costs (including expert fees) and other expenses

4  of suit, to plaintiffs; and

5       L.     Award such other and further relief as the Court deems necessary, just and proper.

6

7                                Respectfully submitted,

8  Dated: June ____, 2008

9                                DLA PIPER US LLP

10

11                               By _____

12                                MATTHEW G. JACOBS
                                     Attorney for Plaintiffs

13                                VIDEO GAMING TECHNOLOGIES, INC.,
                                     UNITED CEREBRAL PALSY OF GREATER
                                     SACRAMENTO, WIND YOUTH SERVICES,

14                                ROBERT FOSS, and JOAN SEBASTIANI

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AO 440 (Rev. 04/08) Civil Summons

**E-filing**

# UNITED STATES DISTRICT COURT

for the

Northern District of California

| | |
|---|---|
| See Attachment _____ ) | **CV 08    2748** |
| Plaintiff ) | |
| v. ) | Civil Action No. |
| See Attachment _____ ) | *EDL* |
| Defendant ) | |

**Summons in a Civil Action**

To: *(Defendant's name and address)*
   See Attachment

A lawsuit has been filed against you.

    Within 20 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, whose name and address are:

| MATTHEW G. JACOBS | GEORGE GIGOUNAS | RAVINDER MEHTA |
|---|---|---|
| ALEXANDER M. MEDINA | DEBORAH E. MCCRIMMON | CAPITOL ADVOCATES |
| DLA PIPER US LLP | DLA PIPER US LLP | 1215 K Street, 17th Floor |
| 400 Capitol Mall, Suite 2400 | 153 Townsend Street, Suite 800 | Sacramento, CA  95814 |
| Sacramento, CA  95814-4428 | San Francisco, CA  94107 | |

If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Richard W. Wieking
Name of clerk of court

Date:   JUN  2 2008 _____

Helen L. Almacen
Deputy clerk's signature

*(Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States allowed 60 days by Rule 12(a)(3).)*

WEST\21418968.1

American LegalNet, Inc.
www.FormsWorkflow.com

## ATTACHMENT TO SUMMONS IN A CIVIL ACTION

Plaintiffs:

      VIDEO GAMING TECHNOLOGIES, INC., dba VGT, Inc., a Tennessee Corporation; UNITED CEREBRAL PALSY OF GREATER SACRAMENTO, a California Non-Profit Corporation; WIND Youth Services, a California Non-Profit Corporation; ROBERT FOSS, an individual; and JOAN SEBASTIANI, an individual.

v.

Defendants:

      BUREAU OF GAMBLING CONTROL, a law enforcement division of the California Department of Justice; MATHEW J. CAMPOY, in his official capacity as the Acting Chief of the Bureau of Gambling Control.


To: *(Defendant's name and address)*

BUREAU OF GAMBLING CONTROL
Department of Justice
1425 River Park Drive, Suite 400
Sacramento, CA 95815

MATHEW J. CAMPOY
Bureau of Gambling Control
Department of Justice
1425 River Park Drive, Suite 400
Sacramento, CA 95815

AO 440 (Rev. 04/08) Civil Summons (Page 2)

### Proof of Service

I declare under penalty of perjury that I served the summons and complaint in this case on _____,
by:

    (1) personally delivering a copy of each to the individual at this place, _____

    _____ ; or

    (2) leaving a copy of each at the individual's dwelling or usual place of abode with _____
        who resides there and is of suitable age and discretion; or

    (3) delivering a copy of each to an agent authorized by appointment or by law to receive it whose name is
    _____ ; or

    (4) returning the summons unexecuted to the court clerk on _____ ; or

    (5) other *(specify)* _____

    _____

    _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00.

Date: _____

                                          _____
                                               Server's signature

                                          _____
                                           Printed name and title

                                          _____
                                           Server's address

American LegalNet, Inc.
www.FormsWorkflow.com

WEST\21418968.1