MATTHEW G. JACOBS (Bar No. 122066)
matthew.jacobs@dlapiper.com
ALEXANDER M. MEDINA (Bar No. 222015)
alexander.medina@dlapiper.com
DLA PIPER US LLP
400 Capitol Mall, Suite 2400
Sacramento, CA 95814-4428
Tel: 916.930.3200
Fax: 916.930.3201

GEORGE GIGOUNAS (Bar No. 209334)
george.gigounas@dlapiper.com
DEBORAH E. MCCRIMMON (Bar No. 229769)
deborah.mccrimmon@dlapiper.com
DLA PIPER US LLP
153 Townsend Street, Suite 800
San Francisco, CA 94107
Tel: 415.836.2500
Fax: 415.836.2501

Attorneys for Plaintiffs
VIDEO GAMING TECHNOLOGIES, INC.,
WIND YOUTH SERVICES, UNITED CEREBRAL
PALSY OF GREATER SACRAMENTO, ROBERT
FOSS and JOAN SEBASTIANI

E-filing

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VIDEO GAMING TECHNOLOGIES, INC., dba VGT, Inc., a Tennessee Corporation; WIND Youth Services, a California Non-Profit Corporation; UNITED CEREBRAL PALSY OF GREATER SACRAMENTO, a California Non-Profit Corporation; ROBERT FOSS, an individual; and JOAN SEBASTIANI, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>BUREAU OF GAMBLING CONTROL, a law enforcement division of the California Department of Justice; MATHEW J. CAMPOY, in his official capacity as the Acting Chief of the Bureau of Gambling Control,<br><br>Defendants. | CASE NO. CV 08 2748<br><br>DECLARATION OF DOUG BERGMAN IN SUPPORT OF PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND FOR ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION<br><br>Date:<br>Time:<br>Dept.:<br>Judge: |

-1-

DLA PIPER US LLP    WEST\21419071.1    BERGMAN DECL. ISO MOTION FOR TRO AND OSC RE PRELIMINARY INJUNCTION

I, Doug Bergman, declare as follows:

1. I am the President and CEO of United Cerebral Palsy of Greater Sacramento ("UCP Sacramento"). I submit this declaration in support of plaintiffs' Motion for a Temporary Restraining Order and for Order to Show Cause for Preliminary Injunction. Except for the items stated on information and belief, I have personal knowledge of the facts set forth in this declaration, and could and would competently testify thereto.

2. UCP Sacramento is a 501(c)(3) charity corporation whose mission is to provide programs and services that improve the independence, productivity, and quality of life of people with cerebral palsy and other developmental disabilities and their families. UCP Sacramento was founded in 1955 and now runs 13 different programs that serve more than 1400 individual clients.

3. UCP derives substantial and important revenues from bingo fundraisers that it holds regularly at bingo halls in the Sacramento area. To fund many of its programs, UCP Sacramento relies in part on bingo fundraisers held regularly at the Sacramento Bingo Center in Sacramento County. Except for overhead expenses, all bingo revenue is used by UCP Sacramento for charitable purposes.

4. These bingo fundraisers use electronic bingo aids including those manufactured by Video Gaming Technologies, Inc. ("VGT"). UCP Sacramento derives a substantial portion of the revenue from its bingo events from the electronic bingo aids.

5. I have seen a copy of a cease-and-desist notice served by the California Attorney General's Bureau of Gambling Control ("Bureau") on the Sacramento Bingo Center on May 8, 2008, which claims that several electronic bingo aids manufactured by VGT violate state law. I am informed and believe that the Bureau interprets state law to require paper or cardboard bingo cards and thus that it is seeking to prevent the use of electronic bingo aids in Sacramento County.

/////

/////

/////

/////

6. If electronic bingo aids like those manufactured by VGT are no longer permitted in Sacramento County, then UCP could only engage in human-called paper bingo games at its bingo fundraisers. I am informed and believe, however, that human-called paper bingo is not profitable at our fundraisers, and in fact operates at a loss. Human-called paper bingo carries significant operating costs that generally outweigh revenue both because of the slower pace of human-called paper bingo and because it draws fewer customers than electronic bingo. In addition, it is a serious difficulty to consistently maintain the number of volunteers required to operate human-called paper bingo at fundraisers. For all of these reasons, exclusive use of human-called paper bingo is not a viable method to consistently raise significant funds for UCP Sacramento. If electronic bingo aids are prohibited, it would effectively prevent UCP Sacramento from hosting bingo fundraisers altogether.

7. Even a temporary disruption in the ability to use electronic bingo aids at our fundraisers likely would have long-term negative effects on our fundraising capacity. Bingo players likely would go elsewhere for entertainment and it would be difficult for UCP to once again generate the clientele necessary to make its bingo fundraisers a worthwhile program.

8. One of UCP Sacramento's important programs is "Saddle Pals." Saddle Pals is a therapeutic horsemanship program that provides services to individuals with physical or developmental disabilities. The program began in 1993 and is accredited through the North American Riding for the Handicapped Association (NARHA). Saddle Pals relies almost exclusively on funding from UCP's bingo fundraisers. If UCP were not able to raise money through bingo fundraisers containing electronic bingo aids, the Saddle Pals program most likely would have to be eliminated, to the serious detriment of both UCP and its clients.

9. Another reason electronic bingo aids are important at our charity bingo fundraisers is that more people can access these machines, including disabled individuals. I personally have seen disabled individuals using VGT-style electronic bingo machines at UCP Sacramento's bingo events. For instance, I have been informed and believe that Joan Sebastiani, a plaintiff in this lawsuit, plays on VGT electronic bingo aids at our events and would not otherwise be able to play bingo at our fundraisers. I represent an organization whose mission is, in part, to improve access

and function in the community for disabled individuals. As such, it is important to me and to UCP Sacramento that disabled people have the same opportunities to participate in our fundraising events as able-bodied people do.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on June 2, 2008 at Sacramento, California.

_____
DOUG BERGMAN