1  MATTHEW G. JACOBS (Bar No. 122066)
   matthew.jacobs@dlapiper.com
2  ALEXANDER M. MEDINA (Bar No. 222015)
   alexander.medina@dlapiper.com
3  DLA PIPER US LLP
   400 Capitol Mall, Suite 2400
4  Sacramento, CA 95814-4428
   Tel: 916.930.3200
5  Fax: 916.930.3201

6  GEORGE GIGOUNAS (Bar No. 209334)
   george.gigounas@dlapiper.com
7  DEBORAH E. MCCRIMMON (Bar No. 229769)
   deborah.mccrimmon@dlapiper.com
8  DLA PIPER US LLP
   153 Townsend Street, Suite 800
9  San Francisco, CA 94107
   Tel: 415.836.2500
10 Fax: 415.836.2501

11 Attorneys for Plaintiffs
   VIDEO GAMING TECHNOLOGIES, INC.,
12 UNITED CEREBRAL PALSY OF GREATER
   SACRAMENTO, WIND YOUTH SERVICES,
13 ROBERT FOSS and JOAN SEBASTIANI

14                    UNITED STATES DISTRICT COURT

15                   NORTHERN DISTRICT OF CALIFORNIA

16                         SAN FRANCISCO DIVISION

17 VIDEO GAMING TECHNOLOGIES,              CASE NO. CV 08 2748
   INC., dba VGT, Inc., a Tennessee
18 Corporation; UNITED CEREBRAL            DECLARATION OF ROBERT ECKSTROM
   PALSY OF GREATER SACRAMENTO,            IN SUPPORT OF PLAINTIFFS' MOTION
19 a California Non-Profit Corporation;    FOR TEMPORARY RESTRAINING ORDER
   WIND Youth Services, a California Non-  AND FOR ORDER TO SHOW CAUSE FOR
20 Profit Corporation; ROBERT FOSS, an     PRELIMINARY INJUNCTION
   individual; and JOAN SEBASTIANI, an
21 individual,                             Date:
                                           Time:
22         Plaintiffs,                     Dept.:
                                           Judge:
23    v.

24 BUREAU OF GAMBLING CONTROL, a
   law enforcement division of the California
25 Department of Justice; MATHEW J.
   CAMPOY, in his official capacity as the
26 Acting Chief of the Bureau of Gambling
   Control,
27
           Defendants.
28

DLA PIPER US LLP

WEST\21412174.1                    -1-
                   ECKSTROM DECL. ISO MOTION FOR TRO AND OSC RE PRELIMINARY
                   INJUNCTION

I, Robert Eckstrom, declare as follows:

1. I am the Executive Director of WIND Youth Services ("WIND"). I submit this declaration in support of plaintiffs' Motion for a Temporary Restraining Order and for Order to Show Cause for Preliminary Injunction. Except for the items stated on information and belief, I have personal knowledge of the facts set forth in this declaration, and could and would competently testify thereto.

2. WIND is a local non-profit 501(c)(3) corporation that was established in 1994 to directly address the immediate and long-range needs of the Sacramento area homeless, runaway, and street youth and their families. To accomplish these goals, WIND sponsors various programs, such as the WIND Center, a facility that provides a safe place for hundreds of homeless children to receive meals, basic survival services, case management, counseling, life skills training, and referrals to necessary resources. WIND also provides educational programs on various school campuses, operates a homeless youth crisis shelter, and sponsors many other programs to serve the needs of homeless youth in Sacramento County.

3. To fund its numerous programs, WIND relies in part on bingo fundraisers held regularly at the Mayhew Bingo Center in Sacramento County. Except for minimal overhead expenses, all Bingo revenue is used by WIND for charitable purposes. WIND's bingo fundraisers use electronic bingo aids manufactured by Video Gaming Technologies, Inc. ("VGT"). Approximately 15% of WIND's revenue comes from these bingo fundraisers. In addition, 25% of the funding for the Education Program comes directly from bingo fundraisers.

4. I have received a copy of a cease-and-desist notice served by the Bureau of Gambling Control ("Bureau") on the Mayhew Bingo Center on May 8, 2008, which claims that several electronic bingo aids manufactured by VGT violate state law. I am informed and believe that the Bureau interprets state law to require paper or cardboard bingo cards and thus that it is seeking to prevent the use of electronic bingo aids in Sacramento County.

5. If electronic bingo aids are no longer permitted in Sacramento County, that would leave only manual, paper bingo games as a permissible form of bingo in Sacramento County. However, I do not believe that paper bingo is a viable option for WIND's fundraising efforts

1  because it is not profitable, and in fact operates at a loss. More specifically, I am informed and
2  believe that operating costs for paper bingo generally outweigh revenue because it is played at a
3  much slower pace than electronically-aided bingo and hence does not draw as many customers
4  because it is considered less exciting and less lucrative than electronically-aided bingo. In
5  addition, state law only permits volunteers to work at paper bingo events, which generally require
6  approximately 15-20 volunteers per session. It is difficult to obtain this many volunteers on a
7  regular basis, and thus paper bingo is not a viable alternative for WIND to consistently raise
8  significant funds.

9      6.    If electronic bingo aids are prohibited, it would effectively prevent WIND from
10 hosting bingo fundraisers altogether, which in turn could result in a loss of revenue to WIND.
11 Because WIND relies on a constant stream of revenue from its bingo fundraisers, even a
12 temporary prohibition on electronic bingo aids would be harmful, as WIND would have difficulty
13 funding its programs and would not be able to recover the revenue lost during that period. An
14 extended or permanent prohibition could result in further cuts to WIND's programs.

15 I declare under penalty of perjury under the laws of the State of California that the
16 foregoing is true and correct and that this declaration was executed on May __, 2008 at
17 Sacramento, California.

ROBERT ECKSTROM
6-2-08