| | |
|---|---|
| 1 | MATTHEW G. JACOBS (Bar No. 122066) |
|   | matthew.jacobs@dlapiper.com |
| 2 | ALEXANDER M. MEDINA (Bar No. 222015) |
|   | alexander.medina@dlapiper.com |
| 3 | DLA PIPER US LLP |
|   | 400 Capitol Mall, Suite 2400 |
| 4 | Sacramento, CA 95814-4428 |
|   | Tel: 916.930.3200 |
| 5 | Fax: 916.930.3201 |

GEORGE GIGOUNAS (Bar No. 209334)
george.gigounas@dlapiper.com
DEBORAH E. MCCRIMMON (Bar No. 229769)
deborah.mccrimmon@dlapiper.com
DLA PIPER US LLP
153 Townsend Street, Suite 800
San Francisco, CA 94107
Tel: 415.836.2500
Fax: 415.836.2501

Attorneys for Plaintiffs
VIDEO GAMING TECHNOLOGIES, INC.,
UNITED CEREBRAL PALSY OF GREATER
SACRAMENTO, WIND YOUTH SERVICES,
ROBERT FOSS, and JOAN SEBASTIANI

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

VIDEO GAMING TECHNOLOGIES, INC., dba VGT, Inc., a Tennessee Corporation; UNITED CEREBRAL PALSY OF GREATER SACRAMENTO, a California Non-Profit Corporation; WIND Youth Services, a California Non-Profit Corporation; ROBERT FOSS, an individual; and JOAN SEBASTIANI, an individual,

    Plaintiffs,

v.

BUREAU OF GAMBLING CONTROL, a law enforcement division of the California Department of Justice; MATHEW J. CAMPOY, in his official capacity as the Acting Chief of the Bureau of Gambling Control,

    Defendants.

CASE NO. CV 08 2748

DECLARATION OF HARLAN GOODSON IN SUPPORT OF PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND FOR ORDER TO SHOW CAUSE FOR PRELIMINARY INJUNCTION

Date:
Time:
Dept.:
Judge:

-1-

DLA PIPER US LLP

WEST\21418591.1  GOODSON DECL. ISO MOTION FOR TRO AND OSC RE PRELIMINARY INJUNCTION

I, Harlan Goodson, declare as follows:

1. I am an attorney duly licensed to practice law before all courts of the State of California. I am a solo practitioner with an office at 1126, 2nd Street, Sacramento, CA 95814, specializing in the practice area of Gaming Law. I have personal knowledge of the facts stated herein and would be able to testify competently to these facts if called as a witness.

2. Prior to entering private practice I was the Director of the Division of Gambling Control under the state Attorney General, the predecessor agency to the Bureau of Gambling Control.

3. As part of my practice I represent Video Gaming Technologies, Inc., ("VGT") a manufacturer of electronic aids to the game of bingo.

4. On May 7, 2008, the Attorney General's Bureau of Gambling Control (the "Bureau") began issuing cease-and-desist orders (the "Orders") to charitable bingo operators in various communities with a threat of criminal prosecution and seizure if listed electronic bingo "devices" were not removed within 30 days from the date of the Order. Several Orders stated that bingo "devices" manufactured by VGT were unlawful in California.

5. On May 8, 2008, I met with Mathew Campoy, Acting Chief of the Bureau to learn why the Bureau believed that VGT's electronic bingo aids were unlawful in California. Mr. Campoy informed me that it was his opinion that VGT's electronic bingo aids do not meet the definition of bingo under Penal Code Section 326.5(o) because he did not feel that the paper cards that a player had the option of printing from a VGT electronic bingo aid constituted a "card" under Section 326.5(o). Mr. Campoy also informed me that VGT should look to the standards for Class II bingo aids on Tribal land to avoid being a slot machine under California law.

6. On May 19, 2008, my colleague Ravi Mehta and I met with Jacob Appelsmith, Special Assistant Attorney General, to propose a means by which VGT may comply with the Bureau's interpretation of "card" under Section 326.5(o), as previously articulated in the Bureau's

-2-
WEST\21418591.1   GOODSON DECL. ISO MOTION FOR TRO AND OSC RE PRELIMINARY INJUNCTION

August 10, 2007 Law Enforcement Advisory, and thereby prevent the seizure of its electronic bingo aids.

7. Accordingly, on behalf of VGT, I offered to make certain software modifications to VGT's electronic bingo aids so that they would include a paper card that a player would purchase and receive and upon which winning patterns could be verified and prizes could be awarded, so that there would be no doubt that VGT's electronic bingo aids complied with the Bureau's interpretation of Section 326.5(o). In exchange for these technical changes, VGT requested that the Bureau not take enforcement action against charitable bingo operations and VGT.

8. On May 27, 2008, I sent a letter to Mr. Appelsmith via e-mail, in which I articulated the software and hardware modifications that VGT had made. The letter also demonstrated how these changes tracked word-for-word the Bureau's August 10, 2007 Advisory. A true and correct copy of this letter is attached hereto as Exhibit A.

9. On May 30, 2008, I left a voicemail message for Mr. Appelsmith to see if he would agree that VGT had satisfied the Bureau that VGT's electronic bingo aids comply with Section 326.5 and thus that the Bureau would agree not to take enforcement action against charitable bingo operations and VGT. Mr. Appelsmith left me a voicemail message later that same morning, stating that he had forwarded all materials that I had provided to him to Mr. Campoy and Bob Mukai (the Supervising Senior Assistant Attorney General in the Indian and Gaming Law Section) for their review.

10. Shortly thereafter, I called Mr. Campoy to see if he still intended to commence an enforcement action against the VGT electronic bingo aids in light of the modifications made by VGT. He stated that the Bureau still planned on seizing bingo "devices" if they are still in bingo halls on the 30th day after the date of each Order. I asked Mr. Campoy how he intended to determine if a bingo aid was unlawful if the changes were, in part, engineering in nature, and he responded that he would leave that up to a law enforcement supervisor, Martin Horan. I then asked if it was Mr. Campoy's intention to seize VGT's bingo aids based solely on their appearance and he said that he was going to trust Mr. Horan to make that decision.

11. VGT has in good faith attempted to meet with representatives of the Attorney General's staff to avoid the enforcement of the seizure of its electronic bingo aids. It has made modifications to its electronic bingo aids in a good faith effort to meet the standards articulated in the Bureau's August 10, 2007 Advisory. VGT's modifications track that Advisory word-for-word. Nevertheless, I am concerned that the Bureau lacks the technical expertise to adequately evaluate VGT's electronic bingo aids and that they will initiate enforcement action solely on the basis of appearance.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on June 1, 2008 at Sacramento, California.

HARLAN GOODSON

# EXHIBIT A

# Harlan W. Goodson
Attorney at Law

1126 2nd Street
Sacramento, CA 95814
Tel: 916-442-1562
Fax: 916-442-3005
harlan@hgoodsonlaw.com

May 27, 2008

Mr. Jacob Appelsmith
Special Assistant Attorney General        **VIA EMAIL**
1300 I Street, 17th Floor
Sacramento, CA 95814

Re: Bureau of Gambling Control's notice of "Unlawful Electronic Bingo Devices"

Dear Mr. Applesmith:

First, I want to thank you for taking the time to meet with me and Mr. Ravi Mehta, Executive Director of the California Charity Bingo Association, on Monday, May 19, 2008, to discuss the notices recently issued by the Bureau of Gambling Control ("Bureau") regarding certain electronic bingo aids currently being operated by charitable bingo operators in various Northern California communities. As I explained to you at our meeting, this office represents Video Gaming Technologies, Inc. ("VGT"), a manufacturer of electronic aids to bingo for both the Tribal Class II market and the charitable bingo market. According to the Bureau's notices, VGT's electronic bingo aids are unlawful in California. VGT believes that the Bureau is in error and that VGT's electronic aids fully comply with the laws governing charitable bingo as explained more fully below.

The Sacramento County bingo ordinance ("Ordinance") allows for electronic aids to bingo provided that such aids are tested and certified as meeting the standards established in the Ordinance and are approved by the Sheriff. This Ordinance was recently challenged in the Superior Court for the County of Sacramento and was struck down in part and upheld in part. *New Vision Entertainment, LLC v. Sacramento County Board of Supervisors, et al.*, case no. 07CS00621. The portion of the Ordinance that was invalidated by the court was two definitional sections while the operational or substantive provisions were sustained as meeting the requirements of the state law pertaining to bingo.

VGT's electronic bingo aids have undergone rigorous testing by an independent laboratory in the gaming industry. Furthermore, these same aids have been certified as complying with the standards established through the Ordinance and the rules of the Sheriff. Finally, the Sheriff has determined that VGT's electronic aids meet all of the requirements of his office and the Ordinance and therefore are permissible under both the county rule and state law. VGT understands that the Bureau disagrees with this conclusion.

Without making any admissions and preserving all legal and equitable rights and remedies accorded to VGT, VGT has in good faith modified its software and hardware to more succinctly address the points articulated in the Bureau's law enforcement advisory bulletin of August 10, 2007 which VGT understands is the basis for its current notice and threatened enforcement action. Bingo players who desire to play bingo with the aid of the VGT electronic system must first purchase and receive paper bingo cards. These bingo cards are of the size and layout of traditional paper bingo cards and are contained on multiple bingo "sheets." For every paper card that is purchased and received the system electronically generates an exact duplicate electronic representation. The system is not capable of generating any other electronic card or cards other than those that are purchased and received in the medium of paper. Further, prizes will only be awarded on the basis of numbers or symbols on the card that correspond to randomly generated numbers or symbols. Notice of a

winning pattern is still transmitted via the electronic aid both on the electronically generated card and the video entertainment screen. Finally, each VGT electronic aid terminal will prominently display a message that reads, "NEW! PAPER PLAY! Winning patterns may be verified on purchased and received paper bingo cards."

In its August advisory, the Bureau announced that, "Bingo games in which players purchase and receive paper or cardboard cards are not rendered unlawful by the use of an electronic aid that notifies the player of a winning card, where the combined use of the electronic aid and the traditional cards allow the player to meet the requirements of Penal Code (section 326.5), subdivision (o)." VGT's new software, hardware, and procedure for providing players with traditional paper bingo cards correspond exactly with the Bureau's interpretation of Penal Code section 326.5.

VGT maintains that at all times it has provided lawful electronic aids to charitable bingo operators in California. VGT's introduction of its new software and hardware is in no way an admission of any wrongdoing and is being offered solely for the purpose of responding to the Bureau's notice in an effort to avoid enforcement action against the charitable organizations that utilize the VGT electronic bingo aid in their respective bingo operations. VGT believes that with these modifications the Bureau no longer has a need to initiate enforcement action and, as such, VGT respectfully requests that the Bureau rescind its notices and 30 day warning of enforcement against VGT's electronic bingo aids and that charities be permitted to continue their use to raise desperately needed dollars for their individual charitable causes.

Thank you in advance for your thoughtful consideration in this matter. Given the short timeline within which we are forced to operate, your timely response is anticipated. If you would like to discuss this matter more fully, please contact me at 916-996-9915.

Respectfully,

Harlan W. Goodson
Attorney at Law

Cc: VGT
    Ravi Mehta