1  MATTHEW G. JACOBS (Bar No. 122066)
   matthew.jacobs@dlapiper.com
2  ALEXANDER M. MEDINA (Bar No. 222015)
   alexander.medina@dlapiper.com
3  DLA PIPER US LLP
   400 Capitol Mall, Suite 2400
4  Sacramento, CA  95814-4428
   Tel:  916.930.3200
5  Fax:  916.930.3201

6  GEORGE GIGOUNAS (Bar No. 209334)
   george.gigounas@dlapiper.com
7  DEBORAH E. MCCRIMMON (Bar No. 229769)
   deborah.mccrimmon@dlapiper.com
8  DLA PIPER US LLP
   153 Townsend Street, Suite 800
9  San Francisco, CA 94107
   Tel:  415.836.2500
10 Fax:  415.836.2501

11 Attorneys for Plaintiffs
   VIDEO GAMING TECHNOLOGIES, INC.,
12 UNITED CEREBRAL PALSY OF GREATER
   SACRAMENTO, WIND YOUTH SERVICES,
13 ROBERT FOSS, and JOAN SEBASTIANI

E-filing

14            UNITED STATES DISTRICT COURT

15          NORTHERN DISTRICT OF CALIFORNIA

16              SAN FRANCISCO DIVISION

17 VIDEO GAMING TECHNOLOGIES,          CV 08        CASE NO.   2748
   INC., dba VGT, Inc., a Tennessee
18 Corporation; UNITED CEREBRAL        DECLARATION OF STEVE WILSON IN
   PALSY OF GREATER SACRAMENTO,        SUPPORT OF PLAINTIFFS' MOTION FOR
19 a California Non-Profit Corporation; TEMPORARY RESTRAINING ORDER AND
   WIND Youth Services, a California Non- FOR ORDER TO SHOW CAUSE FOR
20 Profit Corporation; ROBERT FOSS, an PRELIMINARY INJUNCTION
   individual; and JOAN SEBASTIANI, an
21 individual,                         Date:
                                       Time:
22              Plaintiffs,            Dept.:
                                       Judge:
23         v.

24 BUREAU OF GAMBLING CONTROL, a
   law enforcement division of the California
25 Department of Justice; MATHEW J.
   CAMPOY, in his official capacity as the
26 Acting Chief of the Bureau of Gambling
   Control,
27
                Defendants.
28

DLA PIPER US LLP

1    I, Steve Wilson, declare as follows:

2    1.    I am a Director of Video Gaming Technologies, Inc., dba VGT, Inc ("VGT"). I

3    submit this declaration in support of plaintiffs' Motion for a Temporary Restraining Order and for

4    Order to Show Cause for Preliminary Injunction. I have personal knowledge of the facts below,

5    and if called as a witness, could and would competently testify thereto.

6    2.    VGT is a Tennessee corporation authorized to do business in California, and is in

7    the business of manufacturing electronic bingo aids for distribution and use throughout the

8    country. VGT provides electronic bingo aids to qualified charities who place these bingo aids in

9    bingo facilities in Sacramento and Alameda Counties and in other counties in Northern California

10    that have ordinances allowing for the play of bingo. These bingo facilities allow qualified

11    charitable organizations to host bingo fundraiser events using VGT's electronic bingo aids. I am

12    informed and believe that the charities then use revenue from these events to fund many of their

13    programs. Numerous charitable organizations use VGT's electronic bingo aids, such as WIND

14    Youth Services, United Cerebral Palsy of Greater Sacramento, Disabled Sports USA, Society for

15    the Blind, Stanford Home for Children, All Star Tournaments, Women's Employment Resource

16    Center, Children Accepting Responsibility Everywhere, and Sacramento Mandarins Drum and

17    Bugle Corps.

18    3.    I have received copies of the cease-and-desist orders (the "Orders") served by the

19    Bureau of Gambling Control (the "Bureau") on various charitable bingo facilities in Alameda and

20    Sacramento Counties. The Orders identify a total of 303 electronic bingo aids that the Bureau

21    claims are in violation of state law. VGT manufactured 286 of those bingo aids, which it

22    provided to the respective charities for their use in charitable bingo games. VGT obtains revenue

23    from these bingo games based on the total sale of bingo cards to the charity.

24    4.    VGT's electronic bingo aids have been in place throughout Northern California,

25    including Sacramento, Alameda, and Santa Clara Counties. These electronic bingo aids have

26    received local authorization to operate at charitable bingo operations within these counties,

27    including authorization from local law enforcement, except where no specific authorization is

28    required. No enforcement action has ever been commenced against VGT's electronic bingo aids,

-2-

1    and the Orders recently served by the Bureau are the first of their kind addressing VGT's

2    electronic bingo aids.

3        5.    Until recently, VGT's electronic bingo aids operated as follows. A player pays the

4    clerk (a member of a charitable organization volunteering his or her time) a certain amount of

5    money for the purchase of electronic bingo cards to be played on an electronic bingo aid. The

6    clerk gives the player a receipt with a code on it. The player inserts that code into an electronic

7    bingo aid, which then recognizes the code and gives the player a certain amount of credits for the

8    purchase of electronic bingo cards on that particular bingo aid. A player may play only one card

9    per game. The clerk may assist a blind or otherwise disabled person who cannot input the code.

10       6.    The electronic cards are patterned after traditional bingo cards and contain

11   columns and rows with numbers. All players must obtain their bingo cards before a game starts.

12       7.    Each of VGT's electronic bingo aids link into a common game, which cannot

13   begin until at least two players are present. Once the game begins, a centralized common random

14   number generator draws the numbers, which are in turn displayed on the screen of each electronic

15   bingo aid in real time and in the sequence drawn (*i.e.*, the winning pattern is not known before a

16   game begins).

17       8.    After this initial draw, the player must then "daub" (or cover) the matching

18   numbers on the electronic cards by pressing a button on the bingo aid. If a player does not press

19   the daub button, then he or she "sleeps" those numbers such that they are not counted toward a

20   winning pattern for that player. Once a player obtains a winning pattern, he or she must be the

21   first person in the game to press his or her button to "call" bingo. If a player has a winning

22   pattern but does not press the button, then he or she "sleeps" the win and another player with a

23   winning pattern can subsequently call bingo and win.

24       9.    At no time does the charitable organization or any other entity have an interest in

25   the outcome of the game, and there must always be a winner for every game. As such, the game

26   continues and numbers continue to be called until there is a winner.

27

28

DLA PIPER US LLP

-3-
WILSON DECL. ISO MOTION FOR TRO AND OSC RE PRELIMINARY INJUNCTION

10.    The electronic bingo aids also allow the player the option of printing a paper copy of each bingo card used in a particular game. Whether the player has won or not can be determined on the basis of this paper alone.

11.    Even though I believe that VGT's original electronic bingo aids comply with state bingo law, to ensure that there is no doubt that VGT's bingo aids are found to be lawful, even under the Bureau's interpretation of the relevant statute, I authorized the development, testing, and implementation of a significant overhaul to the software of all of VGT's Northern California electronic bingo aids. This new software was installed on all electronic bingo aids in Sacramento and Alameda Counties on between Wednesday, May 28, 2008 and Friday, May 30, 2008.

12.    The new software ensures that paper cards are an integral and necessary component of the game in that they are purchased and received by a player prior to playing bingo with a VGT electronic bingo aid. Each electronic bingo aid is programmed with only one electronic card. When a player chooses to play at a particular electronic bingo aid, he or she will be given a booklet containing the entire library of corresponding paper cards with matching reference numbers so that the player can locate the paper card corresponding to the electronic bingo aid. If the player decides that he or she wishes to use a different card, then he or she must move to a different bingo aid. The player can verify whether his or her card is a winner based solely on the paper card. In all other respects, the new version of VGT's electronic bingo aids operate the same way its earlier version did. A true and correct copy of sample paper bingo cards given to players at the point of sale is attached hereto as Exhibit A.

13.    VGT's recent software changes came at great cost to VGT, as it expended a significant amount of time and money developing, testing, and installing the new software to conform to the Bureau's interpretation of the bingo statute.

14.    Among the benefits of VGT's design for electronic bingo aids is that they provide better access to bingo competition for disabled individuals than other commonly-used media, such as the exclusive use of paper or cardboard cards.

15.    Many of the charities to which VGT provides electronic bingo aids use their facilities to host charity bingo events for charities supporting the disabled. I am informed and

WILSON DECL. ISO MOTION FOR TRO AND OSC RE PRELIMINARY INJUNCTION

1  believe that disabled individuals utilize our electronic bingo aids at charity bingo events as well,

2  and that the access provided by our electronic bingo aids allows such disabled individuals to

3  compete in bingo when they otherwise could not.

4      16.    Because our electronic bingo aids allow disabled people to compete at bingo

5  against able-bodied individuals, interpreting the statutes to prohibit these devices would have a

6  discriminatory impact against the disabled.  Because our electronic bingo aids are used by

7  disabled individuals, the discriminatory impact would also harm VGT by association.

8      17.    If the Orders are enforced, it would have a disastrous effect on VGT's business

9  including its investment costs.  Not only would it lose hundreds of its electronic bingo aids to

10  seizure with a possibility that they may be destroyed or never returned, VGT would lose a

11  significant amount of revenue from the sale of bingo cards to the charities if electronically-aided

12  bingo is stopped.  Even a temporary inability to host charitable bingo events using VGT's

13  electronic bingo aids would substantially reduce VGT's revenue.

14      I declare under penalty of perjury under the laws of the State of California that the

15  foregoing is true and correct and that this declaration was executed on June 2, 2008 at

16  _Roseville_____, California.

17

18  _____
                STEVE WILSON

19

20

21

22

23

24

25

26

27

28

DLA Piper US LLP

WILSON DECL. ISO MOTION FOR TRO AND OSC RE PRELIMINARY INJUNCTION

# EXHIBIT A

 **VGT**
VIDEO GAMING TECHNOLOGIES, INC.

**Card 1**

| B | I | N | G | O |
|---|---|---|---|---|
| 7 | 30 | 41 | 59 | 61 |
| 2 | 20 | 45 | 48 | 64 |
| 6 | 18 | Free Space | 51 | 66 |
| 11 | 21 | 39 | 58 | 67 |
| 5 | 26 | 38 | 49 | 74 |

For sale or use only in a bingo game authorized under California law and pursuant to local ordinance.

**VGT** — VIDEO GAMING TECHNOLOGIES, INC.

**Card 2**

| B | I | N | G | O |
|---|---|---|---|---|
| 7 | 18 | 31 | 59 | 69 |
| 15 | 22 | 38 | 52 | 65 |
| 5 | 19 | Free Space | 56 | 70 |
| 2 | 20 | 35 | 55 | 73 |
| 8 | 26 | 33 | 53 | 68 |

For sale or use only in a bingo game authorized under California law and pursuant to local ordinance.

**VGT** — VIDEO GAMING TECHNOLOGIES, INC.

**Card 3**

| B | I | N | G | O |
|---|---|---|---|---|
| 9 | 17 | 41 | 58 | 65 |
| 2 | 23 | 39 | 59 | 67 |
| 14 | 16 | Free Space | 47 | 61 |
| 4 | 19 | 31 | 52 | 71 |
| 1 | 18 | 37 | 55 | 64 |

For sale or use only in a bingo game authorized under California law and pursuant to local ordinance.

**VGT** — VIDEO GAMING TECHNOLOGIES, INC.

**Card 4**

| B | I | N | G | O |
|---|---|---|---|---|
| 15 | 29 | 39 | 48 | 75 |
| 13 | 26 | 40 | 56 | 69 |
| 4 | 18 | Free Space | 60 | 64 |
| 1 | 19 | 44 | 52 | 70 |
| 12 | 16 | 33 | 54 | 73 |

For sale or use only in a bingo game authorized under California law and pursuant to local ordinance.

**VGT** — VIDEO GAMING TECHNOLOGIES, INC.

**Card 5**

| B | I | N | G | O |
|---|---|---|---|---|
| 4 | 16 | 44 | 58 | 64 |
| 6 | 29 | 45 | 53 | 62 |
| 10 | 21 | Free Space | 57 | 66 |
| 8 | 23 | 35 | 60 | 63 |
| 13 | 17 | 40 | 52 | 72 |

For sale or use only in a bingo game authorized under California law and pursuant to local ordinance.

**VGT** — VIDEO GAMING TECHNOLOGIES, INC.

**Card 6**

| B | I | N | G | O |
|---|---|---|---|---|
| 14 | 30 | 35 | 49 | 73 |
| 1 | 16 | 36 | 47 | 75 |
| 9 | 17 | Free Space | 53 | 70 |
| 7 | 23 | 38 | 55 | 67 |
| 12 | 27 | 34 | 54 | 63 |

For sale or use only in a bingo game authorized under California law and pursuant to local ordinance.