1  MATTHEW G. JACOBS (Bar No. 122066)
   matthew.jacobs@dlapiper.com
2  ALEXANDER M. MEDINA (Bar No. 222015)
   alexander.medina@dlapiper.com
3  DLA PIPER US LLP
   400 Capitol Mall, Suite 2400
4  Sacramento, CA 95814-4428
   Tel: 916.930.3200
5  Fax: 916.930.3201

6  Attorneys for Plaintiffs
   VIDEO GAMING TECHNOLOGIES, INC.,
7  UNITED CEREBRAL PALSY OF GREATER
   SACRAMENTO, WIND YOUTH SERVICES,
8  ROBERT FOSS, and JOAN SEBASTIANI

9  ADDITIONAL COUNSEL LISTED ON
   FOLLOWING PAGE
10

11                UNITED STATES DISTRICT COURT

12               NORTHERN DISTRICT OF CALIFORNIA

13                   SAN FRANCISCO DIVISION

14 VIDEO GAMING TECHNOLOGIES,              CASE NO. CV 08 2748 EDL
   INC., dba VGT, Inc., a Tennessee
15 Corporation; UNITED CEREBRAL            [PROPOSED] TEMPORARY RESTRAINING
   PALSY OF GREATER SACRAMENTO,            ORDER AND ORDER TO SHOW CAUSE RE
16 a California Non-Profit Corporation;    PRELIMINARY INJUNCTION
   WIND Youth Services, a California Non-
17 Profit Corporation; ROBERT FOSS, an     Date:
   individual; JOAN SEBASTIANI, an         Time:
18 individual,                             Dept.:
                                           Judge:
19        Plaintiffs,

20    v.

21 BUREAU OF GAMBLING CONTROL, a
   law enforcement division of the California
22 Department of Justice; MATHEW J.
   CAMPOY, in his official capacity as the
23 Acting Chief of the Bureau of Gambling
   Control,
24
          Defendants.
25

26

27

28

DLA PIPER US LLP

WEST\21418435.1    [PROPOSED] TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW
                   CAUSE RE PRELIMINARY INJUNCTION

| | |
|---|---|
| 1 | **ADDITIONAL COUNSEL** |
| 2 | GEORGE GIGOUNAS (Bar No. 209334) |
|   | george.gigounas@dlapiper.com |
| 3 | DEBORAH E. MCCRIMMON (Bar No. 229769) |
|   | deborah.mccrimmon@dlapiper.com |
| 4 | DLA PIPER US LLP |
|   | 153 Townsend Street, Suite 800 |
| 5 | San Francisco, CA 94107 |
|   | Tel: 415.836.2500 |
| 6 | Fax: 415.836.2501 |
| 7 | RAVINDER MEHTA (Bar No. 113805) |
|   | rmehta@capital-advocates.com |
| 8 | CAPITOL ADVOCATES |
|   | 1215 K Street, 17th Floor |
| 9 | Sacramento, CA 95814 |
|   | Tel: 916.486.1955 |
| 10 | Fax: 916.485.2509 |

DLA PIPER US LLP

WEST\21418435.1    [PROPOSED] TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION

Having reviewed and fully considered plaintiffs' *Ex Parte* Motion for Temporary Restraining Order and Order to Show Cause Regarding Preliminary Injunction, the accompanying memorandum of points and authorities, all declarations submitted in support thereof, and the complaint on file in this action, the Court finds that:

(1) Plaintiffs have a strong likelihood of success on the merits of their claims because it appears that (1) the electronic bingo aids at issue comply with California Penal Code section 326.5 ("Section 326.5") because they provide paper bingo cards from which a winning pattern can be determined; (2) the Bureau of Gambling Control's ("Bureau's") interpretation of "card" under Section 326.5(o) to preclude the use of electronic cards discriminates against disabled individuals in violation of the federal Americans with Disabilities Act; (3) the Bureau's interpretation of "card" under Section 326.5(o) to prohibit electronic cards violates plaintiffs' due process rights; and (4) the other statutes cited in the Bureau's May 2008 cease-and-desist orders are facially inapplicable.

(2) The balance of hardships weighs in favor of plaintiffs. If injunctive relief is not granted and the Bureau seizes the electronic bingo aids at issue and shuts down bingo facilities using electronic bingo aids, plaintiffs will be irreparably harmed as follows: the charitable organization plaintiffs would suffer a severe reduction in revenue and a resulting decrease in their ability to deliver social services; plaintiff Video Gaming Technologies, Inc. ("VGT") would suffer a dramatic loss of income and the seizure of its property without due process; and the individual disabled plaintiffs would lose their freedom to engage in this form of entertainment on an equal footing with their non-disabled peers.

(3) No imminent harm will befall the Bureau or the citizens of California if injunctive relief is granted and the Bureau is not permitted to effectuate its interpretation of Section 326.5 immediately.

(4) The public interest favors granting injunctive relief and maintaining the status quo to allow bingo facilities to continue to provide revenue to charitable organizations. It is also in the public interest to ensure that property rights are protected from government seizure without due process. It is further in the public interest to ensure that disabled persons have access to the

1  same services as non-disabled persons pending resolution of the merits of plaintiffs' case.

2        Accordingly, IT IS HEREBY ORDERED that a temporary restraining order is entered,
3  effective as of June ___, 2008, at ___:___ ___.m., restraining and enjoining defendants and any
4  other person and/or entity or agency acting in concert or participation with them (including, but
5  not limited to, the California Attorney General and any other division or bureau of the California
6  Department of Justice), from enforcing in any manner (including, but not limited to, seizing
7  electronic bingo aids, commencing criminal prosecutions, and halting the play of charitable
8  bingo) the cease-and-desist orders issued by the Bureau on Gilman Street Bingo in Berkeley
9  (served May 12, 2008), the Sacramento Bingo Center in Sacramento (served May 7, 2008), the
10 Mayhew Community Bingo Center in Sacramento (served May 8, 2008), the North Watt Bingo
11 Parlor in Sacramento (served May 8, 2008), and the Madison Mall Bingo Center in Sacramento
12 (served May 8, 2008). No bond is required.

13       IT IS FURTHER ORDERED that defendants shall appear before the Honorable
14 Judge_____, in Courtroom ___, of the United States District Court, Northern District
15 of California, located at _____, on _____, 2008, at ___:___ ___.m., or as soon
16 thereafter as the matter may be heard, and show cause why a preliminary injunction should not
17 issue during the pendency of this action restraining and enjoining defendants and any other
18 person and/or entity or agency acting in concert or participation with them (including, but not
19 limited to, the California Attorney General and any other division or bureau of the California
20 Department of Justice), from enforcing in any manner (including, but not limited to, seizing
21 electronic bingo aids, commencing criminal prosecutions, and halting the play of charitable
22 bingo) the cease-and-desist orders issued by the Bureau on Gilman Street Bingo in Berkeley
23 (served May 12, 2008), the Sacramento Bingo Center in Sacramento (served May 7, 2008), the
24 Mayhew Community Bingo Center in Sacramento (served May 8, 2008), the North Watt Bingo
25 Parlor in Sacramento (served May 8, 2008), and the Madison Mall Bingo Center in Sacramento
26 (served May 8, 2008).

27       This Order to Show Cause and supporting papers shall be served on defendants no later
28 than ___ days before the date set for hearing, and proof of service shall be filed no later than ___

1 court days before the hearing. Any response or opposition to this Order to Show Cause shall be
2 filed and personally served on plaintiffs' counsel no later than ___ court days before the date set
3 for hearing, and proof of service shall be filed no later than ___ court days before the hearing.
4 Any reply brief shall be filed and personally served on defendants no later than ___ court days
5 before the date set for hearing, and proof of service shall be filed no later than ___ court days
6 before the hearing.

7     IT IS SO ORDERED.

8 Dated: June ____, 2008

                        Hon. _____
                            UNITED STATES DISTRICT JUDGE